*Original*

MICHAEL A. ZIMMERMAN, ESQ. (MZ-2076)
MICHAEL A. ZIMMERMAN & ASSOCIATES, P.C.
450 Seventh Avenue, Ste. 808
New York, New York 10123
(212) 233-1800
Attorneys for Plaintiffs Michael Talbot, Yasmin Talbot, Quaseem Talbot, Michael Talbot, Jr., and Daequan Talbot.

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

------------------------------------------------- X

MICHAEL C. TALBOT, YASMIN        :
TALBOT AND QUASEEM TALBOT,       :
MICHAEL W. TALBOT, DAEQUAN       :
TALBOT, and JUSTIN TALBOT, by their :
mother and natural guardian,      :
YASMIN TALBOT,                    :
                       Plaintiffs, :
      - against -                 :
                                  :

UNITED STATESE OF AMERICA,       :
DEPARTMENT OF HOMELAND           :
SECURITY, IMMIGRATION AND        :
CUSTOMS ENFORCMENT, EXECUTIVE :
OFFICE FOR IMMIGRATION REVIEW,   :
DEPARTMENT OF JUSTICE, ASSISTANT :
CHIEF COUNSEL LESLIE EVANS,      :
BOARD OF IMMIGRATION APPEALS     :
MEMBER LAURI FILLPU, "JOHN DOE", :
a fictitious name being used to designate the :
cmployee with the OFFICE OF      :
IMMIGRATION LITIGATION of the    :
DEPARTMENT OF JUSTICE and        :
ASSISTANT UNITED STATES          :
ATTORNEY PETER G. O'MALLEY       :
                                  :
                     Defendants.  :

------------------------------------------------- X

Docket No.: 05-768 (WJM)

CIVIL ACTION

**COMPLAINT AND JURY DEMAND**

## COMPLAINT AND JURY DEMAND

Plaintiffs, Michael C. Talbot, Yasmin Talbot, Quaseem Talbot, Michael W. Talbot,

Daequan Talbot, and Justin Talbot, by their attorneys, MICHAEL A. ZIMMERMAN &

ASSOCIATES, P.C., by way of their Complaint against the Defendants state the following:

## VENUE

1.  The jurisdiction of this Court is invoked pursuant to 28 U.S.C. § 1331 (federal question) and 28 U.S.C. §§ 1346(b) and 2671, et seq. (federal tort claims).

2.  Venue is proper in the District of New Jersey under 28 U.S.C. § 1402(b) in that the events giving rise to these claims occurred in this judicial district.

3.  Plaintiffs filed timely notice of the issues herein with the Bureau of Immigration and Customs Enforcement (hereinafter "BICE"), the United States Department of Justice, and the Executive Office for Immigration Review (hereinafter "EOIR"), pursuant to 28 U.S.C. § 2675(a).

## PARTIES

4.  Plaintiff, MICHAEL TALBOT, at all times relevant hereto, was a lawful permanent resident of the United States of America and resident of the State of New York. While incarcerated, he was a resident of the State of New Jersey.

5.  Plaintiff, YASMIN TALBOT, is and was at all times relevant hereto a citizen of the United States of America and a resident of the State of New York and is the wife of Plaintiff MICHAEL TALBOT.

6.  Plaintiffs QUASEEM TALBOT, MICHAEL W. TALBOT, DAEQUAN TALBOT and JUSTIN TALBOT were at all times relevant hereto citizens of the United States of America and residents of the State of New York and are the children of Plaintiffs MICHAEL TALBOT and YASMIN TALBOT.

7.  Defendant United States of America is a sovereign nation responsible for the enforcement operations, investigations, arrests and detentions executed by the

officers, agents and employees of the United States Department of Homeland Security, United States Department of Justice, Bureau of Immigration and Customs Enforcement, Executive Office for Immigration Review and the former Immigration and Naturalization Service.

8.    The United States Department of Homeland Security is a department of the United States of America charged with the execution of the immigration laws and is responsible for the conduct of all of the department's agents, servants and/or employees.

9.    The United States Department of Homeland Security is composed of Immigration & Customs Enforcement, which has taken over the legal- and detention-related responsibilities of the former Immigration & Naturalization Service.

10.   Leslie S. Evans, is an Assistant Chief Counsel, and as such is the agent of the Office of Immigration & Customs Enforcement, who was charged with the responsibility to review and respond to the motion to reopen of Michael C. Talbot and related filings with the Executive Office of Immigration Review.

11.   The United States Department of Justice is a department of the United States of America charged with the provision of advice, counsel, and legal representation to the United States government and its constituent departments and agencies and is responsible for the conduct of all of the department's agents, servants and/or employees.

12.   The Executive Office For Immigration Review is an agency within the Department of Justice and it consists of the Board Of Immigration Appeals, which is charged with the initial administrative review of decisions and orders of Immigration Judges.

3

13.     Board Member Lauri Fillpu was the Board Member with the Board of Immigration Appeals and hence the agent of the Executive Office For Immigration Review. Defendant Fillpu was assigned to review the denial of the Immigration Judge to reopen the proceedings.

14.     Upon information and belief, the Office Of Immigration Litigation is a unit of the Department of Justice and is vested with the authority to provide advice and assistance to the United States Department of Homeland Security, United States Department of Justice; the United States Attorneys; and their offices in federal cases brought by, *inter alia*, aliens who allege violations by the government of their rights under the Constitution and the immigration laws.

15.     Defendant "John Doe" is the individual who was assigned by the Office Of Immigration Litigation to handle the petition for the writ of habeas corpus of Michael C. Talbot.

16.     Defendant Assistant United States Attorney Peter G. O'malley is an attorney employed by the United States Attorney's Office for the District of New Jersey (Newark Vicinage). The United States Attorney's Office is located at 970 Broad Street Newark, New Jersey and was at all times applicable and relevant herein the office within the Department Of Justice responsible for the enforcement of federal and immigration law and for the provision of legal advice and representation to the Department of Homeland Security, particularly in regard to the petition for the writ of habeas corpus of Plaintiff Michael C. Talbot.

## FACTS

17.     At all relevant times, in all his actions and omissions, Defendant EVANS was acting

4

in her capacity with the UNITES STATES OF AMERICA and as an individual under color of law.

18. At all relevant times, in all his actions and omissions, Defendant FILLPU was acting in her capacity with the UNITES STATES OF AMERICA and as an individual under color of law.

19. At all relevant times, in all his actions and omissions, Defendant O'MALLEY was acting in his capacity with the UNITES STATES OF AMERICA and as an individual under color of law.

20. At all relevant times, in all his actions and omissions, Defendant "DOE" was acting in his/her capacity with the UNITES STATES OF AMERICA and as an individual under color of law.

21. At all times relevant to this complaint, defendants engaged in the illegal conduct herein mentioned to the injury of plaintiffs, and deprived Plaintiff Michael C. Talbot of their rights, privileges, and immunities secured by the Fourth and Fifth Amendments to the Constitution of the United States and the laws of the United States.

22. The claims set forth herein derive from a common nucleus of operative facts, and the acts and the claims based on those acts are based on the violation of the civil rights, privileges and immunities of the Plaintiff, which was not rectified until Plaintiff's release from incarceration in February 2004.

### MICHAEL CONROY TALBOT

23. Plaintiff Michael Talbot was required to appear in immigration court on January 3, 1997 in regards to deportation proceedings against him.

24.     Prior to January 3, 1997, Plaintiff Michael Talbot was hospitalized due to a gunshot
        wound. His hospitalization continued through January 3, 1997.

25.     Due to Plaintiff Michael Talbot's failure to appear at the hearing on January 3, 1997,
        he was ordered deported *in absentia.*

26.     On February 27, 1997, Michael Talbot, through a representative, filed a motion to
        reopen or rescind the *in absentia* order of deportation.

27.      The motion was stamped as having been received by the Executive Office for
        Immigration Review on February 27, 1997.

28.     A certificate of service, accompanying said motion, indicates that a duplicate copy of
        the motion to reopen was served on the same date on the Trial Attorney Unit of the
        former Immigration & Naturalization Service.

29.     Plaintiff, Michael Conroy Talbot, a 29-year-old male, was taken into custody by
        agents of the Department of Homeland Security on February 6, 2003 at his home in
        Brooklyn, New York. The officers of the Department of Homeland Security took Mr.
        Talbot into custody based upon an outstanding order of deportation dated January 3,
        1997.

30.     Plaintiff Michael Talbot was held in the Middlesex County Department of Adult
        Corrections in New Brunswick, New Jersey from on or about February 6, 2003
        through February 23, 2004.

31.     After Michael Talbot was taken into custody, he, through representatives, made a
        second motion to reopen; a motion to reconsider; an appeal to the Board of
        Immigration Appeals; three motions to reconsider to the Board of Immigration
        Appeals; a petition for review; and a petition for a writ of *habeas corpus.*

6

32. In each of these court filings, the respondent swore in affidavits that he had filed a timely motion to reopen in 1997. In the appeal to the Board of Immigration Appeals, Mr. Talbot produced a copy of the actual filing receipt for the motion to rescind (reopen).

33. The government dismissed the allegations of a prior motion to rescind (reopen) in their response to each court filing. The government also dismissed the allegations in the proceedings before the Board of Immigration Appeals, which had copies of the filing receipt.

34. On January 9, 2004, pursuant to a subpoena, the respondent finally obtained copies of the actual motion to reopen (or motion to rescind) that had been stamped received by the EOIR. A copy was provided to the United States Senior District Judge Dickinson R. Debevoise and to Defendant O'Malley.

35. The receipt for the filing of the motion to rescind was given to the Court after the Executive Office for Immigration Review patently ignored this proof of filing in its review of the appeal of the denial of the motion

36. Until Peter G. O'Malley of the United States Attorney's Office and "John Doe" of the Office of Immigration Litigation were provided with a copy of the actual Motion to Rescind, they continually ignored the fact that there was proof that a motion had been filed.

37. Said proof was in a filing to the Board of Immigration Appeals since July of 2003.

38. It was not until late January 2004 that Assistant United States Attorney Peter O'Malley began to investigate whether the United States Attorney's Office would permit the reopening of these proceedings despite having been aware of allegations

7

and information indicating that Michael Talbot, through his representative, had filed a timely motion to reopen the *in absentia* order.

39.    On February 17, 2004, Judge Debevoise ordered that the writ of *habeas corpus* be granted because it was proven that the initial February 17, 1997 motion to reopen had been filed; would have been granted and that the government had misrepresented the facts to the Immigration Judge, the Board of Immigration Appeals and to him.

## YASMIN TALBOT

40.    Plaintiff MICHAEL TALBOT and Plaintiff YASMIN TALBOT began to live together as husband and wife pursuant to a marriage entered into in New York in 1996.

41.    At the time of Plaintiff MICHAEL TALBOT'S arrest on February 6, 2003, and continuing to the present time, Plaintiffs MICHAEL TALBOT and YASMIN TALBOT maintained a loving and committed relationship.

42.    Plaintiff YASMIN TALBOT has been deprived of the love, companionship, services, and consortium of her husband Plaintiff MICHAEL TALBOT from the date of his arrest until his release from detention by court order.

## QUASEEM TALBOT

43.    Plaintiff QUASEEM TALBOT, born on February 7, 1992, is the son of Plaintiffs MICHAEL TALBOT and YASMIN TALBOT.

44.    As a result of Plaintiff MICHAEL TALBOT's incarceration in jail, Plaintiff QUASEEM TALBOT's relationship with his father was caused to be diminished.

45.    Plaintiff QUASEEM TALBOT has been deprived of the love, companionship and services of his father Plaintiff MICHAEL TALBOT from the date of his arrest until

his release from prison by court order.

## MICHAEL W. TALBOT

46.    Plaintiff MICHAEL W. TALBOT, born on September 7, 1993, is the son of Plaintiffs MICHAEL TALBOT and YASMIN TALBOT.

47.    As a result of Plaintiff MICHAEL TALBOT's incarceration in jail, Plaintiff MICHAEL W. TALBOT's relationship with his father was caused to be diminished.

48.    Plaintiff MICHAEL W. TALBOT has been deprived of the love, companionship and services of his father Plaintiff MICHAEL TALBOT from the date of his arrest until his release from prison by court order.

## DAEQUAN TALBOT

49.    Plaintiff DAEQUAN TALBOT, born on May 6, 1997,  is the son of Plaintiffs MICHAEL TALBOT and YASMIN TALBOT.

50.    As a result of Plaintiff MICHAEL TALBOT's incarceration in jail, Plaintiff DAEQUAN TALBOT's relationship with his father was caused to be diminished.

51.    Plaintiff DAEQUAN TALBOT has been deprived of the love, companionship and services of his father Plaintiff MICHAEL TALBOT from the date of his arrest until his release from prison by court order.

## JUSTIN TALBOT

52.    Plaintiff JUSTIN TALBOT, born on September 3, 2003, is the son of Plaintiffs MICHAEL TALBOT and YASMIN TALBOT.

53.    As a result of Plaintiff MICHAEL TALBOT's incarceration in jail, Plaintiff JUSTIN TALBOT's relationship with his father was caused to be diminished.

54.    Plaintiff JUSTIN TALBOT has been deprived of the love, companionship and

9

services of his father Plaintiff MICHAEL TALBOT from the date of his arrest until his release from prison by court order.

55.     But for the reckless and negligent investigation of the United States Department of Homeland Security, United States Department of Justice, Immigration & Naturalization Service ("INS"), Immigration & Customs Enforcement ("ICE"), and Executive Office of Immigration Review ("EOIR"), INS, ICE, and/or EOIR agents would have found that Plaintiff had indeed filed a timely motion to reopen; would never have had him arrested and detained in the first place, or would have released him in a speedy manner.  Simply put, had a proper investigation been carried out, Plaintiff would not have spent over one year in jail while the ICE tried to arrange for his deportation to Jamaica.

56.      The actions and omissions of ICE and EOIR set forth above constitute negligence, and have caused Plaintiff deprivation of liberty, lost wages, past and future mental pain and anguish, embarrassment, humiliation, and loss of enjoyment of life.

57.     The intentional conduct of ICE agents in unlawfully arresting and imprisoning Plaintiff, as set forth above, have directly and proximately caused Plaintiff to suffer loss of employment and wages, emotional distress, mental anguish, humiliation, loss of dignity and reputation, pain and suffering, and loss of enjoyment of life.

58.      At all times relevant to this action, the officers, employees, and agents of the INS, ICE and the EOIR identified above were acting in their official capacities, within the scope of their employment, and under the authority of Defendant United States of America and its constituent agencies Department of Homeland Security and Department of Justice.

10

## FIRST CAUSE OF ACTION – FEDERAL TORT CLAIMS ACT – NEGLIGENCE

59.     Plaintiffs repeat and reallege each allegation contained in ¶ 1 through 58 of this Complaint.

60.     The reckless and negligent investigation carried out by Defendant United States' agents of the Immigration and Naturalization Service and Immigration and Customs Enforcement has caused Plaintiff to suffer damages, and he brings this action to recover those damages from Defendant United States of America pursuant to the Federal Tort Claims Act.

61.     WHEREFORE, Plaintiff MICHAEL TALBOT demands judgment against defendants by awarding to plaintiff actual and compensatory damages in the amount of Two Million Five Hundred Thousand Dollars, against Defendant United States of America for claims arising under the Federal Tort Claims Act and any other relief this Court may deem just and proper at law or in equity.

## SECOND CAUSCE OF ACTION – FEDERAL TORT CLAIMS ACT – FALSE IMPRISONMENT

62.     Plaintiffs repeat and reallege each allegation contained in ¶ 1 through 61 of this Complaint.

63.     The intentional actions of Defendant United States' agents of the Immigration and Naturalization Service and Immigration & Customs Enforcement in falsely arresting and imprisoning Plaintiff, have caused Plaintiff to suffer damages, and he brings this action to recover those damages from Defendant Unites States of America pursuant to Federal Tort Claims Act.

64.     WHEREFORE, Plaintiff MICHAEL TALBOT demands judgment against defendants by awarding to Plaintiff actual and compensatory damages, in the amount of Two

11

Million Five Hundred Thousand Dollars, against Defendant United States of America
for claims arising under the Federal Tort Claims Act any other relief this Court may
deem just and proper at law or in equity.

### THIRD CAUSE OF ACTION -- VIOLATION OF FOURTH AMENDMENT

65.   Plaintiffs repeat, reiterate and reallege each and every allegation contained in
      paragraphs numbered "1" through "64" with the same force and effect as if fully set
      forth herein.

66.   The negligent, illegal and unconstitutional acts of defendants LESLIE S. EVANS,
      LAURI FILLPU, JOHN DOE and PETER O'MALLEY in having failed to undo
      Plaintiff MICHAEL TALBOT's detention pursuant to an *in absentia* order of
      deportation, after having access to proof that Plaintiff filed a motion to undo same in a
      timely and proper manner, violated Plaintiff MICHAEL TALBOT's constitutional
      rights as protected by the United States Constitution, including, but not limited to, his
      rights under the Fourth Amendment.

67.   As a proximate result of the foregoing acts committed against plaintiffs by
      defendants, Plaintiff MICHAEL TALBOT has been damaged, including violations of
      his civil rights, injuries to his health, severe emotional distress, mental anguish, loss
      of income, future loss of income, loss of property, injury to his career, injury to his
      reputation, humiliation and embarrassment.

68.   WHEREFORE, Plaintiff MICHAEL TALBOT demands judgment against defendants
      by awarding to plaintiffs actual, compensatory and punitive damages, interest, costs,
      disbursements and reasonable attorneys fees.

### FOURTH CAUSE OF ACTION

## VIOLATION OF FIFTH AMENDMENT

69.   Plaintiffs repeat, reiterate and reallege each and every allegation contained in
      paragraphs numbered "1" through "68" with the same force and effect as if fully set
      forth herein.

70.   The illegal, unconstitutional and discriminatory acts of defendants EVANS, FILLPU,
      DOE and O'MALLEY in failing to consider the allegations of and the evidence of a
      timely filed motion to reopen of the *in absentia* order of deportation, violated Plaintiff
      MICHAEL TALBOT's constitutional rights as protected by the United States
      Constitution including, but not limited to, his rights under the Fifth Amendment to
      due process of law.

71.    As a proximate result of the foregoing acts committed against plaintiffs by
      defendants, Plaintiff MICHAEL TALBOT has been damaged, including violations of
      his civil rights, injuries to his health, severe emotional distress, mental anguish, loss
      of income, future loss of income, loss of property, injury to his career, injury to his
      reputation, humiliation and embarrassment.

72.    WHEREFORE, Plaintiff MICHAEL C. TALBOT demands judgment against
      defendants by awarding to plaintiffs actual, compensatory and punitive damages,
      interest, costs, disbursements and reasonable attorneys fees.

### FIFTH CAUSE OF ACTION

73.    Plaintiffs repeat, reiterate and reallege each and every allegation contained in
      paragraphs numbered "1" through "72" with the same force and effect as if fully set
      forth herein.

74.    As a proximate result of the civil rights violations on the part of the Defendants,

13

Plaintiff YASMIN TALBOT was caused to suffer the loss of consortium, services, support, love, companionship, and friendship of her husband, MICHAEL C. TALBOT.

75.   WHEREFORE, Plaintiff YASMIN TALBOT demands judgment against defendants by awarding to plaintiffs compensatory damages in the amount of $1,000,000.00 and punitive damages, disbursements, interest, costs and reasonable attorney fees.

### SIXTH CAUSE OF ACTION

76.   Plaintiffs repeat, reiterate and reallege each and every allegation contained in paragraphs numbered "1" through "75" with the same force and effect as if fully set forth herein.

77.   As a proximate result of the violation of civil rights on the parts of the defendants, Plaintiffs QUASEEM TALBOT, MICHAEL TALBOT, JR., DAEQUAN TALBOT, and JUSTIN TALBOT were caused to suffer the loss of services, support, love, companionship, and friendship of their father, Plaintiff MICHAEL TALBOT.

78.   WHEREFORE, Plaintiffs QUASEEM TALBOT, MICHAEL TALBOT, JR., DAEQUAN TALBOT, and JUSTIN TALBOT demand judgment against defendants by awarding to plaintiffs compensatory damages in the amount of $4,000,000.00 and punitive damages, disbursements, interest, costs, and reasonable attorney fees.

### AD DAMNUM

WHEREFORE, Plaintiffs pray for judgment against Defendants on all claims for relief, jointly and severally, awarding actual, compensatory and punitive damages, interest, costs, reasonable attorneys fees, experts fees, and such other relief as the court finds just and equitable.

14

## JURY DEMAND

Plaintiffs demand a trial by jury as to all issues involved.

## DESIGNATION OF TRIAL COUNSEL

In accordance with R.4:25-4, Michael A. Zimmerman has been designated as trial

counsel in this matter.

## CERTIFICATION

I hereby certify that the matter in controversy is not the subject of any other action pending in any

other court or any other pending arbitration proceedings, and that I know of no other parties who

should be joined in this action.

Michael A. Zimmerman & Associates, P.C.
Attorneys for Plaintiffs
MICHAEL TALBOT, YASMIN TALBOT, QUASEEM
TALBOT, MICHAEL TALBOT, JR., DAEQUAN
TALBOT, and JUSTIN TALBOT

By: Michael A. Zimmerman

Dated: February 4, 2005

15