UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| **MICHAEL C. TALBOT, YASMIN TALBOT, QUASEEM TALBOT, MICHAEL W. TALBOT, DAEQUAN TALBOT, and JUSTIN TALBOT, by their motion and natural guardian YASMIN TALBOT,**<br><br>       Plaintiffs,<br><br>v.<br><br>**UNITED STATES OF AMERICA, DEPARTMENT OF HOMELAND SECURITY, IMMIGRATION AND CUSTOMS ENFORCEMENT, EXECUTIVE OFFICE FOR IMMIGRATION REVIEW, DEPARTMENT OF JUSTICE, ASSISTANT CHIEF COUNSEL LESLIE EVANS, BOARD OF IMMIGRATION APPEALS MEMBER LAURI FILLPU, WILLIAM MINICK, an employee of the OFFICE OF IMMIGRATION LITIGATION of the DEPARTMENT OF JUSTICE and ASSISTANT UNITED STATES ATTORNEY PETER G. O'MALLEY,**<br><br>       Defendants. | 05-CV-00768 (WJM)<br><br><br>OPINION<br><br>HON. WILLIAM J. MARTINI |

Michael A. Zimmerman, Esq.
Michael A. Zimmerman & Associates, P.C.
450 Seventh Avenue, Ste. 808
New York, NY 10123

       *(Attorney for Plaintiffs)*

Rudolph A. Filko
Assistant United States Attorney
970 Broad Street, Suite 700
Newark, NJ 07102

       *(Attorney for Defendants)*

1

**MARTINI, U.S.D.J.:**

This matter comes before the Court on Defendants' motion to dismiss Plaintiffs' amended complaint under Fed. R. Civ. P. 12(b)(1), (2) and (6) or in the alternative, for summary judgment pursuant to Fed. R. Civ. P. 56.  There was no oral argument.  Fed. R. Civ. P. 78.  For the following reasons, Defendants' motion is **GRANTED** and Plaintiffs' amended complaint is **DISMISSED** in its entirety.

## FACTS

The Plaintiffs in this matter are Michael C. Talbot ("Talbot"), his wife Yasmin Talbot, and his four children, Quaseem, Michael, Daequan and Justin.  The Defendants are the United States of America, the Department of Homeland Security ("DHS"), the Bureau of Immigration and Customs Enforcement ("BICE"), the Executive Office for Immigration Review ("EOIR"), the Department of Justice ("DOJ"), BICE Chief Assistant Counsel Leslie Evans ("Evans"), Board of Immigration Appeals ("BIA") member Lauri Fillpu ("Fillpu"), Office of Immigration Litigation Employee William Minick ("Minick"), and Assistant United States Attorney Peter O'Malley ("O'Malley").

Talbot was scheduled to attend a deportation proceeding against him on January 3, 1997.  *See* Amended Complaint ¶ 23 [hereinafter, Amend. Compl.].  Talbot, however, failed to attend because he was hospitalized at the time.  *Id.* at ¶ 24.  As a result, the Immigration Judge ordered him deported *in abstentia*.  *Id.* at ¶ 25.  Talbot filed a motion to reopen or rescind the order of deportation on February 27, 1997.  *Id.* at ¶ 26.  The EOIR stamped the motion as received on that date.  *Id.* at ¶ 27.  In addition, records indicate that Talbot served a duplicate copy on the

Immigration and Naturalization Services ("INS") on the same date.[1]  *Id.* at ¶ 28.

Nevertheless, on February 6, 2003, the DHS took Talbot into custody.  *Id.* at ¶ 29.  While in custody, he filed the following motions: (1) a second motion to reopen; (2) a motion to reconsider; (3) an appeal to the BIA; (4) three motions to reconsider to the BIA; (5) a petition for review; and (6) a petition for a writ of habeas corpus.  *Id.* at ¶ 31.  In each filing, Talbot maintained that he filed a timely motion to reopen in 1997.  *Id.* at ¶ 32.  In fact, Talbot produced a copy of the actual filing receipt to the BIA.  *Id.*  According to Talbot, the Defendants disregarded this information.  *See id.* at ¶ 33.  As a result, Talbot claims he spent nearly a year in detention.

On February 17, 2004, the United States District Court for the District of New Jersey granted Talbot's writ of habeas corpus because he proved that he filed the initial motion to reopen in 1997.  *See Talbot v. Bureau of Immigration and Customs Enforcement*, Civ. No. 03-4097 (D.N.J. filed Feb. 17, 2004) (Debevoise, J.).  Consequently, Talbot was released from detention.  *See* Amended Compl. ¶¶ 22, 30.  Shortly thereafter, Plaintiffs sued Defendants in this Court.  In their Amended Complaint, Plaintiffs allege that: (1) the INS and BICE violated the Federal Tort Claims Act ("FTCA") by recklessly and negligently carrying out their investigation regarding Talbot's motions; (2) the INS and BICE violated the FTCA by falsely arresting and imprisoning Talbot; (3) Evans, Fillpu, Minick and O'Malley violated Talbot's Constitutional rights under the Fourth and Fifth Amendments by failing to undo his detention after having proof that he filed a motion to reopen; and (4) Talbot's wife and children suffered a loss of consortium as a result of Defendants' civil rights violations.  *See id*. Counts I-XI.  Talbot seeks monetary

---

[1] The INS is now part of the DHS.

damages for these claims.

Defendants now move to dismiss Plaintiff's amended complaint under Fed. R. Civ. P. 12(b)(1), (2) and (6) or, in the alternative, for summary judgment under Fed. R. Civ. P. 56.[2] Plaintiffs submitted no opposition memoranda.

## DISCUSSION

**I.      Standard of Review**

Federal Rule of Civil Procedure 56 provides that summary judgment may be granted if the materials submitted to the Court show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. *See* Fed. R. Civ. P. 56; *Hersh v. Allen Prods. Co.*, 789 F.2d 230, 232 (3d Cir.1986); *Lang v. New York Life Ins. Co.*, 721 F.2d 118, 119 (3d Cir.1983). Where the facts are not in dispute and the issues contested in a summary judgment motion are legal issues, the court may proceed to decide the legal issues and rule accordingly on the summary judgment motion. *See Ingram v. County of Bucks*, 144 F.3d 265, 267 (3d Cir. 1998) (holding that when there is no genuine issue of material fact in dispute and the issue facing the court is a question of law, it can properly be resolved on summary judgment).

Fed. R. Civ. P. 56(e) provides that "if the adverse party does not ... respond, summary judgment, if appropriate, shall be entered against the adverse party." It is well settled "that this does not mean that a moving party is automatically entitled to summary judgment if the opposing party does not respond." *Anchorage Assoc. v. Virgin Islands Bd. of Tax Review*, 922 F.2d 168,

---

[2]This motion will be treated as a motion for summary judgment under Fed. R. Civ. P. 56 because our decision refers to matters outside the pleadings. *See* Fed. R. Civ. P. 12(b).

175 (3d Cir. 1990).  The Court must first determine whether summary judgment is appropriate – that is, whether the moving party has shown itself to be entitled to judgment as a matter of law." *Id*.  When considering an unopposed motion for summary judgment, "it is entirely appropriate for this court to treat all facts properly supported by the movant to be uncontroverted." *Allebach v. Sherrer*, No. 04-287, 2005 U.S. Dist. LEXIS 15626, at *5 (D.N.J. July 27, 2005) (citing *Anchorage Assoc.*, 922 F.2d at 176).

**II.     Plaintiffs Did Not Exhaust Their Remedies Under the FTCA**

To promote the efficient disposition of claims against the government, the FTCA establishes an administrative system.  *See Reo v. United States Postal Serv.*, 98 F.3d 73, 75 (3d Cir. 1996).  The FTCA requires a claimant, in any action against the United States for money damages due to the negligence or wrongful act of a government employee, to file a claim with the agency allegedly responsible for his injuries.  *See* 28 U.S.C. § 2675(a).  The agency may then choose to pay the claim in full, to offer to settle the claim, or to deny the claim within six months.  *Id.*; 28 U.S.C. § 2672.  If the agency denies the claim or does not make a final disposition within six months, the claimant may then file suit in federal court.  28 U.S.C. § 2675(a).  This jurisdictional requirement is mandatory and cannot be waived.  *See Roma v. United States*, 344 F.3d 352, 362 (3d Cir. 2003).

In his Amended Complaint, Talbot alleges that the "reckless and negligent investigation carried out by Defendant United States' agents of the [INS] and [BICE] has caused [him] to suffer damages...." in violation of the FTCA.  *See* Amend. Compl. ¶ 60.  Furthermore, Talbot alleges that "[t]he intentional actions of Defendant United States' agents of the [INS] and [BICE] in falsely arresting and imprisoning [him] ... caused [him] to suffer damages...." in violation of

the FTCA. *See id.* at ¶ 63. Accordingly, Talbot seeks damages allegedly caused by the INS and BICE. Defendants, however, attach the affidavit of Scott A. Whitted to their memorandum in support of their motion for summary judgment. Mr. Whitted is an Associate Legal Advisor to the DHS and BICE. *See* Affidavit of Scott A. Whitted ¶ 1. In his affidavit, Mr. Whitted states that Plaintiffs filed administrative tort claims under the FTCA with the DHS and BICE on March 10, 2005. *Id.* at ¶ 3. According to Mr. Whitted, those claims have not yet been adjudicated and are still pending. *Id.* Therefore, Plaintiffs' negligence claims under the FTCA against the DHS and BICE must be dismissed for a failure to exhaust.[3]

### III.     Plaintiffs' Fourth and Fifth Amendment Claims are Barred

Talbot claims that Fillpu, O'Malley, Evans and Minick violated Talbot's Fourth and Fifth Amendment rights under the United States Constitution by failing to undue his detention once they had access to proof that Talbot filed a motion to undo the *in abstentia* order of deportation. *See* Amend. Compl. ¶¶ 66, 70.[4]

---

[3]Defendants argue that Plaintiffs' FTCA claims must be dismissed on two additional grounds. First, Defendants contend that Plaintiffs' FTCA claims against the agencies and individual employees are barred under 28 U.S.C. § 2679(b)(1). Second, Defendants argue that Plaintiffs' false imprisonment claims are barred under 28 U.S.C. § 2680(h). However, as Plaintiffs' FTCA claims can be dismissed for a failure to exhaust as discussed above, we need not resolve these issues.

In addition, Defendants argue that Plaintiffs lack subject matter jurisdiction under 8 U.S.C. §§ 1252(b)(9) and 1252(g). Since Plaintiffs' claims can be dismissed on other grounds, there is no need to reach these issues.

[4]Defendants argue that the agency defendants (the DHS, BICE, EOIR and DOJ) are immune from suit under the Fourth and Fifth Amendments pursuant to *Bivens v. Six Unknown Named Agents*, 403 U.S. 388, 410 (1971). *See* Defts' Brief at 16. Apparently, Defendants read Plaintiffs' Amended Complaint as setting forth allegations against those agencies. Upon reviewing the Amended Complaint, however, it appears that Plaintiffs are only setting forth *Bivens* claims against the individual defendants (Fillpu, O'Malley, Evans and Minick). *See, e.g.,*

A.     **BIA Member Fillpu**

Agency members performing adjudicative functions are absolutely immune from suit for decisions made while undertaking that function.  *See Butz v. Economou*, 438 U.S. 478, 513 (1978); *Bass IV v. Attardi*, 868 F.2d 45, 49-50 (3d Cir. 1989); *Gratsy v. United States Patent & Trademark Office*, No. 03-6839, 2005 U.S. Dist. LEXIS 9175, at *15-16 (E.D. Pa. May 12, 2005).  Fillpu is a member of the BIA and was assigned to review the denial of the Immigration Judge to reopen the proceedings.  *See* Amend. Compl. at ¶ 13.  The BIA is an adjudicative body charged with reviewing certain administrative decisions under the Immigration and Nationality Act and is bound by precedent.  *See* 8 C.F.R. § 1003.1(d); *Matter of Olivares*, 23 I&N Dec. 148 (BIA 2001).  Furthermore, Fillipu was merely performing his judicial duties in adjudicating the appeal filed by Talbot.  *See* Amend. Compl. ¶ 13.  Accordingly, Fillpu is immune from suit under the Fourth and Fifth Amendments of the Constitution.

B.     **AUSA O'Malley**

Federal prosecutors receive absolute immunity when they act as advocates in civil proceedings.  *See Schrob v. Catterson*, 948 F.2d 1402, 1411-12 (3d Cir. 1991); *Davis v. Grusemeyer*, 996 F.2d 617, 630 n.28 (D.N.J. 1993).  Habeas corpus proceedings are civil in nature.  *See Long v. Wilson*, 393 F.3d 390, 402 (3d Cir. 2004).  O'Malley defended the writ of habeas corpus that Talbot filed.  *See* Amend. Compl. at ¶ 16.  Therefore, O'Malley is immune from suit under the Fourth and Fifth Amendments of the Constitution.

C.     **ICE Chief Assistant Counsel Evans**

Evans defended various motions Talbot filed with the Immigration Court and the BIA.

---

Amend. Compl. at ¶ 66.  Therefore, the Court need not resolve this issue.

*See* Amend. Compl. ¶ 10.  Her actions also receive absolute immunity.  *See Butz*, 438 U.S. at 516-17; *Schrob*, 948 F.2d at 1411-12; *Ernst v. Child & Youth Servs.*, 108 F.3d 486, 494-95 (3d Cir. 1997); *Bryen v. Becker*, 785 F. Supp. 484, 486-87 (D.N.J. 1991).

### D. Office of Litigation Employee Minick

It is unclear what role Minick played in this case.  Plaintiffs claim that the Office of Immigration Litigation assigned Minick to "handle" Talbot's petition for a writ of habeas corpus.  *See* Amend. Compl. ¶ 15.  This is the only description, however, that Plaintiffs provide regarding Minick's role.  It is unclear whether Minick performed investigative or advocacy functions.  This is crucial since the determination of the type of immunity that attaches (absolute or qualified) depends on the function performed by the defendant.  *See Carter v. City of Philadephia*, 181 F.3d 339, 356 (3d Cir. 1999); *Kulwicki v. Dawson*, 969 F.2d 1454, 1463 (3d Cir. 1992).  Accordingly, this claim must be dismissed.

### VI. Plaintiffs' Loss of Consortium Claims Must be Dismissed

Talbot's wife, Yasmin, and their four children allege claims for monetary damages based on the loss of Talbot's consortium.  *See* Amend. Compl. ¶¶ 74, 77.  Yasmin and the children are residents of New York State.  *See id*. at ¶¶ 4-6.  In a federal question case such as this, a district court entertaining pendant state claims should follow the choice of law rules of the forum state.  *Shields v. Consol. Rail Corp.*, 810 F.2d 397, 399 (3d Cir. 1987); *Weiker v. Tower Semiconductor, Ltd.*, 183 F.R.D. 377 (D.N.J. 1998).  New Jersey applies the "governmental interest" choice of law test for tort claims, applying the law of the "state with the greatest interest in governing a particular issue" in the underlying litigation.  *Marks v. Struble*, 347 F. Supp. 2d 136, 142 (D.N.J. 2004).

Under this test, the initial step is to determine whether a conflict exists between the interested jurisdictions. *Id.* If an actual conflict exists, the court must "then identify the governmental policies underlying the law of each state and how those policies are affected by each state's contacts to the litigation and to the parties." *Id.* Regardless of whether a conflict actually exists, the New Jersey Supreme Court has held that New Jersey does not have a governmental interest in applying its substantive law in a case where plaintiffs, seeking damages for loss of consortium, reside out of state. *See Heavner v. Uniroyal, Inc.*, 63 N.J. 130, 134 n.3 (1973). Accordingly, New York law applies.

Under New York law, the claims by Talbot's wife and his children must be dismissed on two grounds. First, children cannot state a claim for loss of consortium against their father. Claims for loss of consortium are limited to the spousal relationship. *DeAngelis v. Lutheran Med. Ctr.*, 84 A.D.2d 17, 22 (N.Y. App. Div. 1981); *Kato v. County of Westchester*, 927 F.Supp. 714, 717 (S.D.N.Y. 1996). Second, recovery by Talbot's wife is conditioned on Talbot's right to recover personally for his own injuries. *Maidman v. Stagg*, 82 A.D.2d 299, 305-06 (N.Y. App. Div. 1981). Since Talbot's claims must be dismissed as described above, his wife's claim for loss of consortium must also be dismissed.

## CONCLUSION

For the foregoing reasons, Defendants' motion is **GRANTED** and Plaintiffs' amended complaint is **DISMISSED** in its entirety. An appropriate Order accompanies this Opinion.

Dated:   October 28, 2005                    s/ William J. Martini
                                             **William J. Martini, U.S.D.J.**